```
BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX
Social Security Administration
LYNN M. HARADA, CSBN 267616
Special Assistant United States Attorney
       160 Spear Street, Suite 800
       San Francisco, California 94105
       Telephone: (415) 977-8977
       Facsimile: (415) 744-0134
       E-Mail: Lynn.Harada@ssa.gov
```

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**SACRAMENTO DIVISION**

| | |
|---|---|
| NINOSKA CALDERA,<br><br>           Plaintiff,<br><br>      vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>           Defendant. | CIVIL NO.: 2:12-cv-01301-EFB<br><br>STIPULATION AND PROPOSED ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 |

   IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, that Plaintiff's previously filed Motion for Equal Access to Justice Act Fees is hereby withdrawn.

   IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the approval of the Court, that Plaintiff will be awarded attorney fees in the amount of three-thousand, one-hundred dollars ($3,100.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and zero dollars ($00.00) in costs under Taxation of Costs, 28

U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 2412(d), 1920.

After the Court issues an order for EAJA fees to Plaintiff, the Defendant will consider any assignment of EAJA fees to Plaintiff's counsel, Jesse Kaplan.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010), the ability to honor any such assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the Defendant will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Jesse Kaplan, pursuant to any assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under the EAJA.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees in connection with this action. This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: December 10, 2013     By:     */s/ Jesse S. Kaplan*
(As authorized by email on 12/10/13)
JESSE S. KAPLAN
Attorney for Plaintiff

Dated: December 10, 2013        BENJAMIN B. WAGNER
                                United States Attorney
                                DONNA L. CALVERT
                                Acting Regional Chief Counsel, Region IX
                                Social Security Administration

                        By:     /s/ *Lynn M. Harada*
                                LYNN M. HARADA
                                Special Assistant United States Attorney
                                Attorneys for Defendant


                                ORDER

APPROVED AND SO ORDERED.

Dated:  December 12, 2013.

                                _____
                                EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE