1  BENJAMIN B. WAGNER
   United States Attorney
2  DONNA L. CALVERT
   Acting Regional Chief Counsel, Region IX
3  Social Security Administration
   LYNN M. HARADA, CSBN 267616
4  Special Assistant United States Attorney
5       160 Spear Street, Suite 800
        San Francisco, California 94105
6       Telephone: (415) 977-8977
        Facsimile: (415) 744-0134
7       E-Mail: Lynn.Harada@ssa.gov
8
   Attorneys for Defendant
9
                    UNITED STATES DISTRICT COURT
10
                    EASTERN DISTRICT OF CALIFORNIA
11
                         **SACRAMENTO DIVISION**
12

13 | | |
|---|---|
| NINOSKA CALDERA, | ) CIVIL NO.: 2:12-cv-01301-EFB |
| Plaintiff, | ) STIPULATION AND PROPOSED ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

20
21      IT IS HEREBY STIPULATED by and between the parties, through their undersigned
22 counsel, that Plaintiff's previously filed Motion for Equal Access to Justice Act Fees is hereby
23 withdrawn.
24      IT IS HEREBY STIPULATED by and between the parties, through their undersigned
25 counsel, subject to the approval of the Court, that Plaintiff will be awarded attorney fees in the
26 amount of three-thousand, one-hundred dollars ($3,100.00) under the Equal Access to Justice
27 Act (EAJA), 28 U.S.C. § 2412(d), and zero dollars ($00.00) in costs under Taxation of Costs, 28
28

U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 2412(d), 1920.

After the Court issues an order for EAJA fees to Plaintiff, the Defendant will consider any assignment of EAJA fees to Plaintiff's counsel, Jesse Kaplan.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010), the ability to honor any such assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the Defendant will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Jesse Kaplan, pursuant to any assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under the EAJA.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees in connection with this action. This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: December 10, 2013    By:    */s/ Jesse S. Kaplan*
(As authorized by email on 12/10/13)
JESSE S. KAPLAN
Attorney for Plaintiff

Dated: December 10, 2013      BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX
Social Security Administration

By:    /s/ *Lynn M. Harada*
LYNN M. HARADA
Special Assistant United States Attorney
Attorneys for Defendant

ORDER

APPROVED AND SO ORDERED.

Dated: December 12, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE